**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GREGORY G. GREEN and VICTORIA D. GREEN, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-08-311-TUC-CKJ<br>(Lead Case)<br><br>No. CV-08-313-TUC-CKJ<br><br>**ORDER** |
| SILVER STARR DE VARONA and JOHN ELBERT ERVIN, husband and wife<br><br>Plaintiffs,<br><br>v.<br><br>United States of America<br><br>Defendant. | |

Pending before this Court is Plaintiffs' May 2, 2012 Motion to Supplement Expert Report (Doc. 72). Specifically, Plaintiffs requests leave to supplement the expert report of Dr. Guy McPherson, a retired ecology professor, to include his opinion as to whether the Bullock Fire or the Backfire caused the damage to the Plaintiffs' properties. A response and reply have been filed.

### I. Factual and Procedural History

On or around May 21, 2002, a wildfire called the Bullock Fire erupted in the Coronado National Forest. Federal employee firefighters initiated efforts to combat the wildfire. (Doc. 12 at ¶8) Plaintiffs allege that, while attempting to fight the Bullock Fire, the Defendant firefighters started a back burn fire (hereafter "Backfire"), which escaped its intended boundaries and caused damage to the Plaintiffs' ranches. (Doc. 12 at ¶9)

On May 19, 2008 Plaintiffs Gregory D. Green and Victoria D. Green filed one complaint under case number 08-CV-311 (Doc. 1) and Plaintiffs Silver Starr De Varona and John Elbert Ervin filed a separate complaint under case number 08-CV-313 (Doc. 1). Subsequently these cases were consolidated and Plaintiffs filed their First Amended Complaint on October 9, 2008. (Doc. 12)

Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on July 21, 2008. (Doc. 4). This Court granted the Defendant's Motion to Dismiss on March 31, 2009. (Doc. 22). Plaintiff successfully appealed this Court's dismissal of the action and the case was remanded to this Court for further proceedings on March 22, 2011. (Doc. 32). Thereafter, Defendant filed an Answer to the Plaintiffs' Amended Complaint on June 3, 2011. (Doc. 33)

A Scheduling Order was issued on October 25, 2011, which required disclosure of initial expert testimony pursuant to Federal Rule 26(a)(2) on or before January 16, 2012, with disclosure of rebuttal expert testimony on or before March 30, 2012. (Doc. 42). On January 17, 2012, Plaintiffs timely served Notice pursuant to Fed. R. Civ. P. 26(a)(2) regarding the opinions of Dr. Guy McPherson. This notice did not include an opinion as to whether the Backfire or the Bullock Fire caused the damage to the Plaintiffs' ranches.

On April 18, 2012, nine days before the final discovery deadline as set forth in the Scheduling Order, the Plaintiffs prepared a Rule 26(e) Supplemental Disclosure including Dr. McPherson's opinion that the Backfire caused the damage to the Plaintiffs' ranches. (Doc. 68) Defendant challenged the supplemental report and on May 2, 2012, Plaintiffs brought the instant motion seeking leave to file a supplement to the expert report

previously served upon the Defendant.  (Doc. 72)

## II. STANDARD

Pursuant to the Federal Rule of Civil Procedure 26(a)(2)(B), a party that intends to call an expert witness must provide a "written report prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2)(B).  This report must include among other disclosures, a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i).  "If a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed.R.Civ.P. 37(c)(1).

The factors for courts to consider in evaluating harmlessness and justification are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (holding that the district court did not abuse its discretion in allowing plaintiff's expert to testify, even though plaintiff did not serve a timely, complete expert report, since the violation was non-prejudicial).  The party facing sanctions has the burden of proving harmlessness. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).  Wide latitude is given to the district court's discretion to issue sanctions under Rule 37(c)(1).  *Id*. at 1106.

## III. ANALYSIS

The Plaintiffs are alleging that their failure to include the opinion of Dr. McPherson in their expert witness disclosure, that the Backfire caused the damage to the Plaintiffs' properties as opposed to the Bullock fire, was substantially justified and is harmless.

Plaintiffs have consistently alleged that the damage to the Plaintiffs' properties was caused by the intentionally started Backfire and not by the original Bullock Fire. Plaintiffs allege that their actions are substantially justified because the Defendants never disputed the notion that it was the Backfire which caused the damage to the Plaintiffs' properties and since they were misled by the Defendant, they did not include in the expert witness disclosure an opinion as to which fire caused the damage to the Plaintiffs' ranches.

Defendant argues that Plaintiffs' assertion that they did not need to prove causation based on their perceived lack of specific objections to Plaintiffs' allegations should not be grounds to permit the Plaintiffs to violate the Court's Scheduling Order.

In Defendant's Answer (Doc. 33) to Plaintiffs' First Amended Complaint (Doc. 12), Defendant denied the allegations set forth in paragraph 9 of the Plaintiffs' First Amended Complaint, which stated:

> [t]he firefighters started a back burn fire which escaped the intended boundaries and destroyed the Plaintiffs' ranches. This back burn fire was set by firefighters without following certain safety procedures and/or without warning Plaintiffs of the risk posed thereby to their Properties. As such, the firefighters set the fire without authority, caused the hazard at issue, and failed to warn the public (Plaintiffs) of the risk(s) posed thereby.

(Doc. 12 at ¶9). By denying this paragraph, Plaintiffs were on notice as of June 3, 2011, well before the January 16, 2012 deadline to submit expert witness reports, that the Defendant intended to contest all the statements made in paragraph 9 of the Amended Complaint including the statement regarding the Backfire being the cause of the damage to the Plaintiffs' properties. While Plaintiffs are correct that, in the Rule 16 Joint Report, the Defendant never specifically objected to the Plaintiffs' statement that "[i]t is not disputed … that the backfire caused the Plaintiffs' properties to burn and that the burn caused Plaintiffs' damage[,]" Defendant did assert in the same Joint Report that "[t]he factual and legal issues in dispute include issues regarding all elements of negligence: duty, breach, causation and damages." (Doc. 39) The Defendant thereby asserted that all

factual issues were in dispute including causation, which should have further alerted the Plaintiffs to the fact that the Defendant did not share their view that there were no disputable facts. As such, the Plaintiffs have failed to establish that their failure to submit an expert witness report from Dr. McPherson that included his opinion on which fire caused the damage was substantially justified.

However, permitting the Plaintiffs to supplement their expert witness disclosure at this stage of the litigation is harmless. Plaintiffs are correct that there has not been a trial date scheduled in this case; indeed, the deadline for the filing of summary judgment motions has been vacated pending resolution of this issue. In other words, the likelihood of disruption of the trial is minimal. *Lanard Toys*, 375 Fed.Appx. at 713. Further, in light of the Plaintiffs' consistent allegation that the damage was caused by the Backfire and no specific refutation of this allegation by Defendant, the Court finds that Plaintiffs have not acted in bad faith and that Defendants cannot reasonably be surprised by the additional expert opinion. *Id.* Lastly, Plaintiffs will be able to partially cure the prejudice by providing the additional disclosure within the time set forth by the Court *infra*. Additionally, the prejudice can also be partially cured by a lesser sanction.

The Court finds that permitting the Plaintiffs to supplement the expert witness report is harmless. The Court further finds that the imposition of a lesser sanction is also appropriate. As Defendant has already incurred a significant expense in deposing Dr. McPherson, the Court finds it appropriate to order Plaintiffs to pay the costs for an additional deposition of Dr. McPherson. Further, the additional deposition shall be conducted in Tucson, Arizona.

Accordingly, IT IS ORDERED:

1. Plaintiffs' Motion to Supplement the Expert Report (Doc. 72) is GRANTED.

2. Plaintiffs are directed to present Dr. Guy McPherson for a deposition to be conducted in Tucson, Arizona, with costs to be paid by the Plaintiffs, on or before

September 14, 2012.

3. Disclosure of rebuttal expert testimony to Dr. Guy McPherson's opinions shall take place on or before October 15, 2012.

4. All discovery, including depositions, shall be completed by November 9, 2012

5. Dispositive motions shall be filed on or before December 7, 2012.

6. The Proposed Pretrial Order deadline is extended. Counsel shall file a Joint Pretrial Statement/Proposed Order within thirty (30) days after resolution of the dispositive motions filed after the end of discovery. If no such motions are filed, a Joint Pretrial Statement/Proposed Order shall be filed on or before January 11, 2013.

Dated this 15th day of August, 2012.

_____
Cindy K. Jorgenson
United States District Judge